# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| KENDALL ROBERTS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No. 17-cv-1307 |

## ORDER & OPINION

This matter is before the Court on a Motion for Reconsideration filed by Kendall Roberts. (Doc. 10). For the reasons stated below, the motion is DENIED.

### BACKGROUND

On June 28, 2017, Petitioner Kendall Roberts filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1). He argued that under *Mathis v. United States*, 135 S.Ct. 2243 (2016), this Court erred in determining that Roberts was a career offender within the meaning of U.S.S.G. § 4B1.1 based on prior Illinois drug convictions and enhancing his 2008 sentence based off that status. *Id.*

On October 17, 2017, this Court denied Roberts' § 2255 petition as time-barred. (Doc. 8). As noted in the Court's Order and Opinion, Roberts' ability to file a timely § 2255 motion expired in 2009. *Id.* at 3-4 (noting that, pursuant to § 2255(f)(1), a § 2255 motion must be filed within one year of the date the judgment against the petitioner became final). A § 2255 motion may be timely if it is brought within one year of the date on which the right asserted was initially recognized by the Supreme Court, if

that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2255(f)(3). However, the Seventh Circuit has explicitly held that "*Mathis* has not been declared retroactive by the Supreme Court—nor is it a new rule of constitutional law." *Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016). Thus, *Mathis* does not trigger a new one-year period under § 2255(f)(3). *Brooks v. United* States, No. 17-2168, 2017 WL 3315266, *3-*4 (C.D. Ill. Aug. 3, 2017) (noting that several cases have held that *Mathis* does not trigger a new one-year period under § 2255(f)(3)); *Gulley v. United States*, No. 17-2122, 2017 WL 2450178, *4 (C.D. Ill. June 6, 2017) (same). "An independent claim based on *Mathis* must be brought, if at all, in a petition under 28 U.S.C. § 2241." *Dawkins v. United* States, 829 F.3d 549, 551 (7th Cir. 2016). Roberts' § 2255 motion was nearly eight years too late.

Because no reasonable jurists could differ with this Court's treatment of Roberts' § 2255 petition, the Court declined to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2). *Id.* at 4-5. Nonetheless, on November 1, 2017, Roberts filed the instant Motion for Reconsideration. (Doc. 10).

## DISCUSSION

The Federal Rules of Civil Procedure do not expressly contemplate motions to reconsider. However, the Seventh Circuit has held that district courts should consider motions challenging the merits of a district court order under Rule 59(e) or Rule 60(b). *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). Whether the motion falls under Rule 59(e) or Rule 60(b) turns on the time at which the motion is served: "[i]f the motion is served within ten days of the rendition of judgment, the motion falls

under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Id.* (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)). Roberts' Motion for Reconsideration is signed October 26, 2017—8 days after this Court entered judgment denying his § 2255 petition.[1] Thus, the Court will analyze Roberts' motion under Rule 59(e).

"To prevail on a motion for reconsideration under Rule 59, the movant must present either newly discovered evidence or establish a manifest error of law or fact." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Id.* (citing *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D.Ill.1997)).

Roberts does not present any newly discovered evidence or establish a manifest error of law or fact. He again incorrectly argues that *Mathis* starts a fresh year for purposes of § 2255(f)(3). Seventh Circuit case law holds that it clearly does not. *Holt*, 843 F.3d at 722. Roberts' § 2255 motion is clearly time-barred, and his motion for reconsideration is dismissed.

## Conclusion

For the reasons stated above, Petitioner's Motion for Reconsideration (Doc. 10) is DENIED.

Entered this 17th day of November 2017.

---

[1] The Order & Opinion denying Roberts' § 2255 petition was docketed on October 17th, while the judgment was docketed on October 18th.

3

s/ Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge